UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMMEAN R. MOSS #739828,

Plaintiff,

Hon. Phillip J. Green

v.

Case No. 2:25-cv-00177

TERRY WILKINS, et al.,

Defendants.
_________________________________/

## OPINION

This matter is before the Court on Defendant Lorendo's Motion for Partial Summary Judgment. (ECF No. 15). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). For the reasons stated herein, Defendant Lorendo's motion will be granted.

## BACKGROUND

Plaintiff is presently incarcerated with the MDOC at the Baraga Maximum Facility (AMF) in Baraga, Baraga County, Michigan, where the events about which he complains occurred. (ECF No. 1). Plaintiff sued several AMF personnel in their official and individual capacities. (*Id.*). The Court permitted Plaintiff to proceed as a pauper (ECF No. 5) and screened Plaintiff's complaint, leaving Plaintiff's First Amendment retaliation claim against Defendant Lorendo and his Eighth Amendment

excessive force claims against Defendants Lorendo and Wilkins remaining. (ECF Nos. 4 and 5).

Regarding the only claim at issue at this juncture—Plaintiff's retaliation claim against Defendant Lorendo—Plaintiff alleges in his complaint that, on May 9, 2022, after telling Defendant Lorendo that he would not voluntarily participate in the incentive program, Defendant Lorendo became angry and orchestrated a plan which culminated in him spraying Plaintiff with a chemical agent. (ECF No. 1, PageID.4-5).

Defendant Lorendo filed a dispositive motion on exhaustion grounds on Plaintiff's retaliation claim. (ECF No. 15). Plaintiff did not respond to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that the PLRA exhaustion requirement requires "proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (eff. Oct. 21, 2024). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (eff. Oct. 21, 2024). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (eff. Oct. 21, 2024).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (eff. Oct. 21, 2024). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (eff. Oct. 21, 2024).

Defendant Lorendo provides evidence that Plaintiff pursued three grievances through Step III after May 9, 2025—the date of the underlying incident in his complaint—while at AMF: AMF-848, AMF-926, AMF-931. (ECF No. 16-3, PageID.113; ECF No. 1, PageID.4).

As a preliminary matter, the allegations in Grievances AMF-926 and AMF-931 do not match the remaining claims of Plaintiff's complaint. "To exhaust a claim under the PLRA, an incarcerated person's grievance claim must match the issue(s) found in the individual's § 1983 complaint." *Smith v. Washington*, No. 24-12652, 2025 WL 2947014, at *4 (E.D. Mich. Aug. 29, 2025). AMF-931 discusses J-Pay mail issues (ECF No. 16-3, PageID.123), and AMF-926 discusses Plaintiff not receiving phone privileges while segregated after refusing to participate in the incentive program (ECF No. 16-3, PageID.126). Because the issues in these grievances do not match Plaintiff's complaint, these grievances cannot serve to exhaust Plaintiff's retaliation claim against Defendant Lorendo.

Turning to the remaining grievance, on May 11, 2025, Plaintiff submitted Grievance No. AMF-848, in which he alleged the following. Defendant Lorendo maced Plaintiff during a cell extraction after Plaintiff refused to move cells and join the "incentive program" because he was unable to bring his television. (ECF No. 16-3, PageID.130). Plaintiff was barricaded in his cell and stripped while under the effects of the mace, "which burned [his] genitals, eyes, [and] nose." (*Id.*). Afterwards, Plaintiff was escorted to medical but was "refused [a] shower" and given "some clothes but no shoes or soap." (*Id.*). He did not receive care for "bruised and blistered skin" from the mace. (*Id.*)

The Step I grievance was rejected because it was nongrievable "content of department wide policy or procedure," citing MDOC Policy Directive 03.02.130 ¶ P(8) (eff. Oct. 21, 2024). (*Id.*). Plaintiff appealed to Step II, in which the rejection was upheld. (ECF No. 16-3, PageID.128-29). Plaintiff then appealed to Step III, and the rejection was again upheld. (ECF No. 16-3, PageID.127).

Defendants argue that Plaintiff failed to base his grievance on retaliation, so he cannot rely on AMF-848 to exhaust his retaliation claim against Defendant Lorendo. (ECF No. 16, PageID.97-98). A grievance need not "allege a specific legal theory or facts that correspond to all the required elements" of an asserted claim but must only give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also Dorsey v. Audu*, No. 24-10519, 2025 WL 3029565, at *4 (E.D. Mich.

Sept. 9, 2025), *adopted*, 2025 WL 3027229 (E.D. Mich. Oct. 29, 2025). And although "the term 'retaliation' need not be in a grievance to properly exhaust a claim for retaliation . . . some retaliatory motive must be suggested in the grievance to sufficiently place prison officials on notice that the prisoner is asserting a retaliation claim." *Dykes v. Fuller*, No. 18-11528, 2019 WL 6170868, at *3 (E.D. Mich. Aug. 7, 2019).

Nothing in Plaintiff's Step I grievance described any circumstance that would have alerted prison officials that Plaintiff was claiming that Defendant Lorendo had retaliated against him by macing him for not participating in the incentive program. *See Keel-Haywood v. Toogood*, No. 1:24-cv-303, 2025 WL 1732835, at *2 (W.D. Mich. June 23, 2025) ("By failing to disclose any indication of retaliatory animus, Plaintiff did not provide fair notice of his constitutional claim."). Although Plaintiff claimed in his Step III appeal that he had been the "subject of retaliation" (ECF No. 16-3, PageID.128), this assertion at Step III does not cure Plaintiff's failure to allege any fact suggesting retaliatory animus in his Step I grievance, especially since the Step II and III appeal responses (ECF No. 16-3, PageID.127, 129) never addressed retaliation. *See Mays v. Pynnonen*, No. 2:17-cv-167, 2021 WL 469041, at *7-8 (W.D. Mich. Jan. 5, 2021), *adopted*, 2021 WL 266620 (W.D. Mich. Jan. 27, 2021) (finding the plaintiff's retaliation claim unexhausted where the plaintiff first raised retaliation in his Step II appeal and the Step II and III responses addressed only the issues raised at Step I); *Dykes v. Fuller*, No. 18-11528, 2019 WL 4744433, at *5 (E.D. Mich. Sept. 30, 2019) ("The text of the Pay Grievance at Step I—set forth above—clearly demonstrates that Plaintiff did not

indicate in any way that he was complaining about retaliation. Thus, the reference to retaliation at Step III did raise a new issue and was not sufficient to exhaust his administrative remedies."); *Newson v. Steele*, No. 09-10346, 2010 WL 3123295, at *5 (E.D. Mich. July 1, 2010), *adopted by* 2010 WL 3123288 (E.D. Mich. Aug. 9, 2010) ("Plaintiff cannot raise a new issue in a grievance appeal and have it be deemed exhausted, unless the MDOC proceeded to address that new claim on the merits." (citing *Cain-El v. Burt*, No. 02-73050, 2003 WL 21648721, at *7 (E.D. Mich. Mar. 31, 2003))).

Based on the uncontested record, there is no evidence that Plaintiff properly exhausted any grievance to support his retaliation claim against Defendant Lorendo. *Bock*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, Defendant Lorendo's motion for partial summary judgment is granted.

## CONCLUSION

For the reasons articulated herein, Defendant's Partial Motion for Summary Judgment (ECF No. 15) is granted. An Order consistent with this Opinion will enter.

Respectfully submitted,

Dated: August 19, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge